# In the Supreme Court of Pennsylvania.

## EASTERN DISTRICT.

## L. R. HUMMEL, ET. AL. v. THE LYCOMING FIRE INSURANCE COMPANY.

### In Equity.

#### Appeal from the Common Pleas of Snyder County.

Where a policy issued by a Mutual Insurance Company provides, that if an assessment on the premium note be not paid within thirty days after notice and demand, the policy shall be null and void until said assessment be paid; *Held*, that the words "null and void" did not work an extinguishment of the contract, but merely a suspension of the policy until the default was ended, and that the assured was liable for an assessment made on his premium note during such suspension of his policy.

Where a premium note is made payable in such sums and at such times as the directors may, agreeably to their act of incorporation require, an assessment made by the directors in pursuance of the act is conclusive on the assured, and he will not be relieved from the payment of such assessment, or any part thereof, unless he can show fraud or gross mistake on the part of the directors in making it.

Opinion delivered February 8, 1875.

PER CURIAM.

The prayers of this bill are to set aside the fi. fa., and strike off the judgment at law of the Insurance Company against the plaintiffs, or to reduce the assessments, Nos. 29 and 30. and prohibit the collection of No. 31. There is a prayer, also, for a statement of the affairs of the company. The Master has found against the plaintiffs on all questions affecting the validity of the judgment. He finds the right of the Company to assess the premium notes under mutual policies with the losses on policies issued for cash rates ; that the charter has been substantially followed in making the assessments; that the act of 1861 is binding on the Plaintiffs, who became members long after its passage and acceptance by the Company ; and he finds that the Company had substantially complied with all the requisites of the law in the entry of the judgment. These are, in short, the results of the Master's findings, and sustain the defendant in entering the judgment and issuing execution. He erred, we think, in one finding which would affect the sum to be collected, to wit, that the policy was null and void, under the 10th section of the rules appended to the policy, in consequence of the non-payment of the assessment, No. 29, for a period of thirty days. The effect of the 10th section is merely to suspend the benefit of the policy, after thirty days default in payment, until payment of the assessment is made, either voluntarily or involuntarily, the company by the same section being expressly authorized to retain the premium note to enforce collection. The mistake of the

Master is, in treating the words "null·and void," as executing an absolute extinguishment of the contract, whereas the provision is only a contract mode of enforcing payment of the premium by withholding the protection of the policy during the default, the contract itself remaining in life, and its operation only being suspended by its own terms until payment is made by the insured, or the assessment collected under the premium note. The moment payment was made, the contract, which was still alive, became again operative in its protection. There was no option to be exercised by the company in order to put an end to the contract; but the contract *proprio vigore* suspended the protection until the default was at an end. Clearly it is the right of the parties to make this condition in their contract, and especially in such a case, where by the policy, the relation of membership is created.

We think the Master erred also in deciding that·the assessment was partially invalid because of excessiveness. By the terms of the charter and of the premium note, the assured, as a member of the corporation, submits himself to the acts of the directors, as the common representatives of all the members. He and they are all bound by the assessments made by them, unless he can show fraud or gross mistake. This is a rule he has no right to complain of. He became a member on the very condition of submitting to be thus assessed for losses. The presumption is, that the directors, representing all the members, made the assessment properly. The bill avers neither fraud nor gross mistake. Its only averment is that the assessments were illegal and contrary to the charter. The answer of the Company avers the legality and propriety of the assessments, and denies that they were incorrect or excessive. The Master, in his findings on the this point, does not find fraud or plain mistake, but by a difficult and uncertain process of reasoning, founded on vague and unsatisfactory statistics of the company, and by inferences in themselves uncertain, reaches a conclusion that the assessments were excessive. But, at the same time, the fact clearly appears that by the great conflagration which reduced about one-fourth of the city of Chicago to ashes, the Company suffered immense losses, and that, necessarily, the Company had to make estimates founded on the knowledge of its risks in that city in order to meet its liabilities, and that this must be done before the liabilities could be fully ascertained. In the presence of such a necessity, and in the absence of all charge and evidence of fraud or collusion among the directors, or gross mistake in the performance of their duty, it would be improper to treat their rightful act in making the assessment on all its members alike as invalid, and as justifying the restraint of their right to due execution for the collection of the money necessary to meet their losses. Had the immense loss by the Chicago fire not occurred, it is not probable we should have heard of this case.

Upon the whole case we discover no good ground to enjoin the execution, or to set aside the judgment: No claim for assessment No. 31 is made, and therefore it is out of the question.

The decree of the court below dismissing the bill is affirmed; with costs to be paid by the appellants, and the appeal dismissed.